UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

---

In re:

KENNETH R. VASILE (aka President Vasile
Construction Corp.; Vice President 2705
West Henrietta Road Associates, LLC;
Vice President Clayton Properties, LLC;
Vice President 1701 Gulf Drive, LLC;
Partner CV Associates; Member of 1815
South Clinton Avenue Associates; Member
Bramhall, LLC; and Member 1655 Elmwood
Associates, LLC),
                             Debtor.

CASE NO. 07-20526

Chapter 11

DECISION

---

**The Allowance of Reasonable Attorneys' Fees
and Expenses Pursuant to Section 506(b)**

On March 7, 2007, Kenneth R. Vasile (the "Debtor" filed a petition initiating a Chapter 11 case.

One of the Debtor's scheduled creditors was Frank LaMar ("LaMar"), who had been involved in a number of investment opportunities with the Debtor, and who had taken a pre-petition New York Supreme Court judgment against the Debtor in connection with several of those investment opportunities (the "LaMar Judgment").

The Debtor's Chapter 11 case was filed in part to afford him the time and opportunity to appeal the LaMar Judgment in New York State Supreme Court, and to allow him to liquidate a number of assets in an orderly fashion in order to pay his creditors and the Judgment as finally determined.

BK. 07-20526

With the consent of the parties, the LaMar Judgment has been treated as a fully secured claim in the Debtor's Chapter 11 case.

LaMar and his attorneys have actively participated in all aspects of the Debtor's Chapter 11 case, including preparing and filing a liquidation plan.

LaMar has filed several claims or applications to have the Court approve the attorneys' fees and expenses that he incurred as a secured creditor, pursuant to Section 506(b).[1] The total amount requested is $87,550.08.

The Debtor has objected to some of the fees and expenses of the attorneys for LaMar. The objections include that: (1) some of the services were performed and expenses incurred pre-petition; (2) some of the services rendered were not reasonable because they were duplicative (the "Duplicative Objections"), in that: (a) they were for meetings where it was not necessary to have more than one attorney involved in the meeting or billing for the meeting; or (b) they were billed more than once; (3) there were overcharges, because excessive time or unnecessary services were billed (the

---

[1] Section 506(b) provides that:

> (b) To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement or State statute under which such claim arose.

BK. 07-20526

"Overcharge Objections"); and (4) some of the expenses incurred were unnecessary, including real estate searches in various counties where the Debtor never had or did not currently have any interest in real property.[2]

The Court required the Debtor to provide specific objections per entry to the detailed services set forth in the time sheets or billing statements filed by the attorneys for LaMar, and it offered the Debtor the opportunity to have a hearing on those detailed objections to the reasonable fees and expenses incurred by LaMar, so that the Court could develop further information and detail with respect to various individual items objected to by the Debtor. The Debtor declined the offered hearing and elected to submit on its written objections only.

The Court has reviewed the claims and applications, as well as the Duplicative and Overcharge Objections, and has determined in its discretion that the proper amount of reasonable attorneys' fees and expenses that should be allowed as part of the LaMar secured claim, pursuant to Section 506(b), is $78,535.58, which the Court has determined as follows:

---

[2] Debtor also objected to invoices dated January 31, 2006, February 28, 2006, March 31, 2006, May 2, 2006, May 26, 2006, June 27, 2006, August 2, 2006, August 23, 2006, October 3, 2006, October 31, 2006, November 30, 2006 and December 22, 2006 in their entirety as "part of judgment." LaMar's Affirmation in Response to Debtor's Opposition to Claim No. 12, filed on October 10, 2008, indicates that LaMar's Proof of Claim No. 12 does not include these invoices, but rather seeks fees for time beginning December 21, 2006, thus the Court did not consider these invoices in the instant Decision.

BK. 07-20526

1. There is no dispute that the underlying document entered into between the Debtor and LaMar in connection with the relevant investment opportunities provide for the payment of all collection costs, including attorneys' fees and expenses.

2. This Court has previously held that the reasonableness standard under Section 506(b) in a Chapter 11 case, such as the Debtor's Chapter 11 case, is to be interpreted as the reasonable services and expenses that would be incurred to enforce the rights and remedies of a similarly situated secured creditor, given all of the facts and circumstances of the Chapter 11 case. *In re Fisher*, Bk. No. 97-20883 (Ninfo, J. 1998) (citing *In re Continental Vending Machine Corp.*, 543 F.2d 986 (2nd Cir. 1976)).

3. This Court agrees with the Court of Appeals for the Eleventh Circuit in *Welzel vs. Advocate Realty Investments, LLC.*, 275 F.3d 1308 (11th Cir. 2001) ("*Welzel*"), that the unpaid fees and expenses incurred by a secured creditor are those incurred both pre-petition and post-petition.

BK. 07-20526

4. The attorneys for LaMar exercised reasonable and appropriate billing judgment in reducing their fees by $8,750.00.[3]

5. Overall, the Court believes that the services rendered and expenses incurred, including those to do real estate searches in various New York State counties, were reasonable because they were services that would have been performed on behalf of any secured creditor in similar circumstances in order to protect that creditor's rights and interests under the circumstances of the Chapter 11 case at issue.

6. The Debtor filed no itemized objections to three invoices for services dated February 1, 2008, February 27, 2008 and April 2, 2008.[4]

7. The Court has deducted $1,000.00 based upon the Duplicative Objections for what it has found to be duplicative services for meetings at which the Court

---

[3] Although LaMar's Supplemental Affirmation in Response to Debtor's Opposition to Claim No. 12, filed on February 19, 2009, indicates that LaMar's attorneys' fees were reduced $8,500.00, Lamar's attorneys' invoice dated February 1, 2008 reflects a credit of $8,750.00, which the Court adopts for purposes of its Decision.

[4] Although in his letter dated February 6, 2009 the Debtor objected to research performed in invoice 68561 dated February 1, 2008, Debtor did not identify the specific entries to which he objected, but notwithstanding this failure, the Court is satisfied with LaMar's attorneys reducing their fee by $8,750.00 as a courtesy on this invoice.

**Page 5**

believes that not more than one attorney should have billed for attending, but more than one attorney billed.

8.  The Court has deducted $1,000.00 for services which were "batched" on the billing or time sheets, so that the Court could not determine the reasonableness of those batched services.

9.  The Court has deducted $3,543.00, which LaMar has confirmed were for services rendered in connection with a Holmes Beach investment, which were not properly a part of his secured claim.

10. The Court has deducted $3,471.50, which LaMar has confirmed were for services rendered in connection with a Clayton, New York investment, which also were not properly a part of his secured claim.

11. The Court rejects LaMar's attorneys' request for an additional approximately $4,000.00 in expenses associated with preparation of their application for attorneys' fees because no supporting time records were provided.[5]

12. The Court has rejected the other Duplicative Objections of the Debtor, because: (a) there was no specific detail provided to the Court as to why the services were in fact duplicative; (b) the explanations of the attorneys for

---

[5] This is without prejudice to seeking an award of those fees in New York Supreme Court.

Case 2-07-20526-JCN    Doc 313    Filed 07/01/09    Entered 07/01/09 13:05:48    Desc
Main Document      Page 6 of 8

LaMar were reasonable and satisfactory, particularly given the general nature of the Debtor's Duplicative Objections; and (c) a number of the Duplicative Objections to specific time records were for entries where time was recorded, but the item was not billed.

13. The Court has rejected the Debtor's Overcharge Objections because the Court could not determine what the alleged overcharges were. For example, an entry of 4.4 hours expended had an Overcharge Objection of 2.4. The Court does not know whether the overcharge alleged was 2.4 hours or whether the total the Debtor was alleging should have been billed for the services in question were 2.4 hours. In addition, there were also Overcharge Objections to services where time was recorded but the time was not billed. Further, the Court is unable to determine the reasonableness of the Overcharge Objections because it is unclear whether each objection was based upon Debtor's assertion that the specific methods employed by LaMar to enforce his rights were unreasonable, or that Debtor objected to the time expended for a particular task, or something else.[6]

---

[6] For example, although in his multiple submissions Debtor alleges that certain categories pursued by LaMar, including pursuit of Debtor's vacation home he jointly owns with his wife and property in Niagara Falls, as well as filing a plan and motion to lift the stay, the only objections Debtor makes to a method pursued by LaMar to enforce the LaMar Judgment by specifically identifying the time entry relating to the method pursued is with regard to the Florida property, Holmes Beach, which LaMar subsequently conceded, and the Court concurs, should not be included in the awarded attorneys' fees. Indeed, Debtor's summary of time

Notwithstanding Debtor's failure to articulate his objections to the reasonableness of LaMar's methods to enforce his rights, as discussed, the Court believes that the services rendered and expenses incurred were reasonable.

14. On the facts and circumstances of this case, the Debtor bears the burden with respect to its Duplicative and Overcharge Objections, which it has not met based upon its written submissions. The Debtor might have been able to meet its burden, in whole or in part, if the Court had conducted the detailed hearing which the Debtor waived.

15. As a result of the foregoing, the total reasonable attorneys' fees and expenses awarded to LaMar in the Court's discretion is $78,535.58, which must be paid before the Debtor's Chapter 11 case is closed.

**IT IS SO ORDERED.**

HON. JOHN C. NINFO, II
U.S. BANKRUPTCY JUDGE

Dated: July 1, 2009

FILED
JUL -1 2009
BANKRUPTCY COURT
ROCHESTER, NY

---

record discrepancies attached to his letter, dated February 16, 2009 contains total Duplicative and Overcharges Objections by timekeeper only, not relating to any identifiable area that is allegedly unreasonable.